**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JAMES HENRY WILSON,

        Petitioner,

vs.                              Case No.   3:10-cv-675-J-32MCR
                                                                  3:00-cr-8-J-32MCR

UNITED STATES OF AMERICA,

        Respondent.

_____

**ORDER**

This case is before the Court on Petitioner James Henry Wilson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1), the Government's Motion to Dismiss (Doc. 7), and Petitioner's reply (Doc. 8).[1] Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition.

**I.  Background**

On March 16, 2000, Petitioner was named in a three-count Superseding Indictment. (Crim. Doc. 20.) Petitioner was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count One); conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count Two); and a substantive distribution count, in violation of 21 U.S.C. § 841(a)(1) (Count Three).  On May 18, 2000, Petitioner

---

[1] Citations to Wilson's criminal case file, <u>United States of America v. James Henry Wilson</u>, 3:00-cr-8-J-32MCR, are denoted as "Crim. Doc. ___." Citations to Wilson's civil § 2255 case file, 3:10-cv-675-J-32MCR, are denoted as "Doc. ___."

pleaded guilty to Count One pursuant to a written plea agreement.[2]  (Crim. Doc. 37.)  At the sentencing hearing, Petitioner was categorized as an armed career criminal ("ACC") under the sentencing guidelines (Doc. 10-2 at 5), because his criminal record contained three prior qualifying felony convictions—a 1996 conviction for the sale of cocaine, a 1996 conviction for aggravated battery on a law enforcement officer[3], and a 1996 conviction for burglary (Crim. Doc. 20).[4]  Accordingly, the court calculated Petitioner's base offense level at 31, criminal history category VI, yielding a Guidelines range of 188 to 235 months of imprisonment.  (Doc. 10-2 at 8-9.)  Petitioner was sentenced to 188 months imprisonment, the low end of the Guidelines range.  (Crim. Doc. 45.)  He did not file an appeal.

---

[2]  The terms of the plea agreement provided that, in exchange for Petitioner's guilty plea, the government would dismiss the Indictment and the remaining counts in the Superseding Indictment, recommend a downward adjustment of potentially three levels for Petitioner's acceptance of responsibility, and recognize any substantial assistance provided by Petitioner in the form of a downward departure motion pursuant to U.S.S.G. § 5K1.1. Id.

[3]  Petitioner claims he convicted of battery on a law enforcement officer rather than aggravated battery.  While the sentencing court found that Petitioner had been convicted of aggravated battery on a law enforcement officer—and Petitioner did not make an objection to this finding, or to the guidelines calculation (Doc. 10-2 at 8, 17)—this distinction is immaterial to the disposition of Petitioner's motion.

[4]  A defendant is an "armed career criminal" if (1) he was convicted of 18 U.S.C. § 922(g), and (2) has three prior convictions for violent felony or a serious drug offense, or both. 18 U.S.C. § 924(e)(1).  A "serious drug offense" is defined, in pertinent part, as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance . . . ."  § 924(e)(2)(A)(ii). A "violent felony" is defined, in pertinent part, as any offense under federal or state law punishable by imprisonment for a term exceeding one year that (1) has as an element the use, attempted use, or threatened use of physical force against another or (2) is burglary . . . or otherwise involves conduct that presents a serious potential risk of physical injury to another.  § 924(e)(2)(B).

## II.     Discussion

Petitioner moves to correct his sentence on the basis that he is "actually innocent" of being classified as an armed career criminal. (Doc. 1.) He claims his prior conviction for felony aggravated battery on a law enforcement officer is no longer a predicate "violent felony" in light of Johnson v. United States, 559 U.S. —, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010). The government asserts that Petitioner's claim is both untimely and without merit. (Doc. 7.) The Court, however, need not address the timeliness or merits of Petitioner's claim, because it was not raised in any earlier proceeding.

"Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004)). This rule "is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." Massaro v. United States, 538 U.S. 500, 504 (2003). Here, Petitioner procedurally defaulted the claim that he was erroneously sentenced as an armed career criminal by failing to advance this claim on direct appeal. See McKay, 657 F.3d at 1196.

This Court thus can address the merits of Petitioner's claim only if he can establish an exception to the procedural default rule. To do so, he must show: (1) "cause for the default and actual prejudice resulting from the alleged constitutional violation," Ward v. Hall, 592 F.3d 1144, 1157 (11th Cir. 2010), or (2) "a miscarriage of justice, or actual innocence," McKay, 657 F.3d at 1196. Petitioner claims he is "actually innocent" of his career offender

sentence, and thus the second exception applies, because his predicate offense for aggravated battery on a law enforcement officer no longer qualifies as a "violent felony" under 18 U.S.C. § 924(e).[5]

The Eleventh Circuit recently rejected a very similar claim in McKay. The court explained that the actual innocence exception does not apply to claims of legal, rather than factual, innocence:

> McKay makes the purely legal argument that he is actually innocent of his career offender sentence because his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under the Guidelines. McKay does not even suggest, because he cannot, that he did not actually commit the crime of carrying a concealed weapon. In other words, he makes no claim of factual innocence of the predicate offense. No circuit court has held that the actual innocence exception is available for claims of purely legal innocence, like McKay's, and we refuse to do so as well. . . . *We thus decline to extend the actual innocence of sentence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence.*

McKay, 657 F.3d at 1199 (emphasis added); see also Gilbert v. United States, 640 F.3d 1293, 1320 (11th Cir. 2011) ("A defendant who is convicted and then has the §4B1.1 career offender enhancement . . . applied in the calculation of his sentence has not been convicted of being guilty of the enhancement."). Thus, because Petitioner does not suggest that he is factually innocent of the predicate aggravated battery felony, he has not established an exception to the procedural default rule.[6]

---

[5] Because Petitioner does not argue that the cause and prejudice exception applies, this Court does not address that issue. See McKay, 657 F.3d at 1196.

[6] The Court therefore need not determine whether Petitioner's prior conviction is a "violent felony" within the meaning of 18 U.S.C. § 924(e). In McKay, the Eleventh Circuit found that the petitioner's claim was procedurally defaulted despite the fact that, at the time his petition was filed, McKay's prior conviction for carrying a concealed weapon was no longer a "crime of violence" for purposes of U.S.S.G. § 4B1.2 under the law of the Eleventh

Accordingly, it is hereby

**ORDERED:**

The United States' Motion to Dismiss (Doc. 7) is **GRANTED**. Petitioner James Henry Wilson's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.[7]

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(I). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

---

Circuit. McKay, 657 F.3d at 1199. The Court also does not reach the issue of whether Petitioner's claim is even cognizable under § 2255. See McKay, 657 F.3d at 1195.

[7] Petitioner's Motion to Show Cause (Doc. 11) is **DENIED AS MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of July, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

mh.
Copies:
counsel of record
pro se party